**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ANDRE KEITH DODDS**                                                                     **PETITIONER**
Reg #24194-009

VS.                         **CASE NO.: 2:14CV00077 JLH/BD**

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>   >   Clerk, United States District Court
>   >   Eastern District of Arkansas
>   >   600 West Capitol Avenue, Suite A149
>   >   Little Rock, AR 72201-3325

**II.     Background**

Petitioner Andre Keith Dodds was charged in a superseding indictment with one count of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  *U.S. v. Dodds*, 4:06CR00198 JLH, 2011 WL 17624, *1 (E.D. Ark. Jan. 4, 2011).  The court severed the two counts for trial so that evidence of Mr. Dodds's prior convictions would not unfairly prejudice the jury.  *Id*.

A jury convicted Mr. Dodds of one count of distributing crack cocaine.  *Id*. Following his conviction, Mr. Dodds entered a guilty plea to the charge of being a felon in possession of a firearm.  *Id*.  The court found that Mr. Dodds had been convicted in 1981 of two separate burglaries and also of delivering crack cocaine in 1992.  Based on that finding, the court sentenced Mr. Dodds to a term of 180 months imprisonment on each count, under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), and ordered the sentences to run currently.  *Id*.  at *1, *4.

Mr. Dodds appealed his conviction and sentence to the Court of Appeals for the Eighth Circuit, which affirmed.  *United States v. Dodds*, 351 F.Appx. 151 (8th Cir. 2009).  On appeal, Mr. Dodds argued that he should not have been sentenced under the ACCA

because: (i) the burglary convictions were too remote in time; (ii) his "serious drug offense" was based on a low-value transaction and was nonviolent; (iii) the firearm he unlawfully possessed was an old weapon belonging to his deceased uncle that he kept for sentimental reasons; and (iv) a 180-month sentence was excessive. *Id*. at 153. The Eighth Circuit wrote:

> Whatever their intrinsic appeal, these are not contentions that permit a court to avoid imposing the statutory minimum sentence mandated by the ACCA. (i) Unlike provisions of the advisory Guidelines that exclude stale convictions in determining criminal history category points, see U.S.S.G. § 4A1.2(e), the ACCA places no age limitations on qualifying convictions. See U.S.S.G. § 4B1.4, comment. (n.1); *United States v. McConnell*, 916 F.2d 448, 450 (8th Cir. 1990) ("if Congress had envisioned a time limit, it would have incorporated it into the statute"). Thus, the 1981 burglary convictions must be counted. (ii) The definition of serious drug offense requires neither a high-value nor a violent transaction. Thus, under the categorical approach mandated for determining qualifying convictions under the ACCA, we may not look to the facts underlying Dodds's prior drug offense. See *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). (iii) Similarly, we may not consider the facts underlying Dodds's conviction for being a felon in possession of a firearm in applying the ACCA. By its terms, the statute applies to "a person who violates section 922(g)" and has three prior qualifying convictions. (iv) A court may not refuse to impose a minimum sentence mandated by Congress on the ground it is excessive.

*Id*. at 153-54.

Mr. Dodds filed a timely motion under 28 U.S.C. § 2255 with the trial court to vacate, set aside, or correct his sentencing arguing, among other things, that his trial counsel was ineffective for failing to object to the "improper use" of his prior convictions to enhance his sentence under the ACCA. *U.S. v. Dodds*, 4:06CR00198 JLH, 2011 WL 17624, *4 (E.D. Ark. Jan. 4, 2011). Citing the Eighth Circuit's opinion holding that the

3

two burglary convictions and the conviction for crack cocaine were prior qualifying convictions, the trial court held that Mr. Dodds could not establish either prong of the *Strickland* test to establish ineffective assistance of counsel. *Id*. Mr. Dodds appealed the decision denying his § 2255 motion to the Eighth Circuit, which denied a certificate of appealability and dismissed the appeal. *U.S. v. Dodds*, 4:06CR00198 JLH at docket entry #97.

In this petition, Mr. Dodds asserts that the United States Supreme Court case of *Descamps v. United States*, __U.S. __, 133 S.Ct. 2276 (2013), retroactively applies to his case allowing him to proceed under 28 U.S.C. § 2241. (#1) He asks the Court to overturn his conviction and resentence him without the ACCA enhancement. (#1 at p. 3) For the following reasons, the Court recommends DISMISSAL of the petition, without prejudice.

### III.　Jurisdiction

In his petition, Mr. Dodds challenges his federal sentence. Generally, a federal inmate can challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 . *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out.

A district court cannot entertain a petition brought under § 2241 that challenges the sentence itself, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added). This last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959. Mr. Dodds argues that the savings clause applies in this case.

To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. Nor can the remedy be deemed inadequate or ineffective where a § 2255 motion was previously raised but rejected as a second or successive § 2255 motion. Similarly, the fact that a § 2255 motion is time-barred does not render the motion inadequate or ineffective. *Id*.

Mr. Dodds argues that *Descamps* applies retroactively, thus allowing him to satisfy the requirement of § 2255's savings clause.[1] Under the circumstances, however, Mr. Dodds cannot establish that § 2255 is inadequate or ineffective.

Mr. Dodds cannot show that § 2255 is inadequate on statute of limitations grounds because § 2255(f)(3) provides that the one-year limitations period can begin to run from the date on which the Supreme Court recognizes and makes an asserted right retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

To the extent Mr. Dodds argues that § 2255 is inadequate because, having already filed one § 2255 motion, another would be barred as a second or successive motion, that argument is not persuasive.  Section 2255(h) permits an inmate to petition the appropriate federal court of appeals, in this case the Eighth Circuit Court, for authorization to file a second motion.  28 U.S.C. § 2244(b)(3)(A).  One of the grounds on which to seek authorization to file a second motion is when the Supreme Court announces a new rule of constitutional law made retroactively applicable to cases on collateral review, as Mr. Dodds alleges the Court has ruled in *Descamps*.  28 U.S.C. § 2255(h)(2).

---

[1] Mr. Dodds's claim is premised on his assertion that the sentencing court, like the court in *Descamps*, improperly looked to the facts underlying his prior offenses to classify him as a career offender.  But there is no basis for his assertion.  The Eighth Circuit made it clear in its opinion on direct appeal that the Court had not looked to the facts underlying Dodds's prior drug offense or his conviction for being a felon in possession of a firearm in applying the ACCA.  *Dodds*, 351 F.App's at 153-54.  In other words, the Court properly applied a categorical approach to assess the predicate crimes, not a modified categorical approach, and *Descamps* is not applicable.

Mr. Dodds may face a hurdle in seeking authorization to file a second motion in that *Descamps* appears to be an extension of existing precedent and not a newly recognized rule. *Descamps*, 133 S.Ct. at 2282-83; see also *U.S. V. Davis*, 751 F.3d 769, 775 (6th Cir. 2013) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued."); *United States v. Montes*, No. 14-2015, 2014 WL 3032185 (10th Cir. July 7, 2014) ("the *Descamps* decision did not recognize a new right"); *Jones v. Wilson*, No. 13-cv02208, 2014 WL 1874752, at *6 (D. Minn. May 9, 2014) (result in *Descamps* is dictated by prior precedent).

That said, the Eighth Circuit has not squarely addressed whether *Descamps* applies retroactively. Other circuit and district courts have declined to apply *Descamps* retroactively. See *Whittaker v. Chandler*, 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) ("neither *Alleyne* nor *Descamps* is a retroactively available Supreme Court decision"); *Groves v. United States*, 12-3253, 2014 WL 2766171 (7th Cir. June 19, 2014) ("the Supreme Court has not made *Descamps* retroactive on collateral review"); *Comstock v. United States*, 13-CV-1979 JNE/JJG, 2014 WL 3384675 (D. Minn. July 10, 2014). Regardless of the potential problems, however, Mr. Dodds can present the issue to the Eighth Circuit Court in a petition to file a second §2255 motion.

Finally, to the extent Mr. Dodds is arguing that § 2255 is inadequate or ineffective because he is "actually innocent" of being a career offender under the ACCA, this

argument also fails. The Eighth Circuit has neither affirmed nor rejected actual innocence[2] as a means of bypassing the gatekeeping requirements of § 2255. See *United States v. Lurie*, 207 F.3d 1075, FN4 (8th Cir. 2000) (declining to address whether a claim of actual innocence allows a petition to bypass the gatekeeping requirements of §2255 and proceed with a §2241 claim). In *Abdullah v. Hedrick*, 392 F.3d 957, 960–64 (8th Cir. 2004) cert. denied, 545 U.S. 1147 (2005), the Court canvassed decisions from other federal circuits courts on actual innocence as a gateway to use §2255's savings clause. The Court ultimately concluded that the prisoner in that case had an "unobstructed procedural opportunity" to obtain review of his claim in his first § 2255 motion and affirmed the dismissal of his § 2241 petition. *Id*. Similarly, here Mr. Dodds had an unobstructed procedural opportunity to raise his claims with the trial court in a § 2255 motion and, as set forth above, still has the opportunity to petition the Eighth Circuit to file a second § 2255 motion to raise the claims raised in this petition.

Because 28 U.S.C. § 2255 is adequate to address the issues raised in Mr. Dodds's petition, the savings clause does not apply, and this Court lacks jurisdiction to entertain a challenge to his federal sentence under § 2241.

---

[2] The Court questions whether Mr. Dodds's claim is a legitimate claim of actual innocence since it appears that he is arguing is a claim of legal innocence under *Descamps*.

## IV. <u>Conclusion</u>

The court lacks subject matter jurisdiction over Mr. Dodds's 28 U.S.C. § 2241 petition for writ of habeas corpus, and this Court recommends that the petition (#1) be dismissed, without prejudice.

DATED this 18th day of July, 2014.

                                                                                      _____
                                                                                      UNITED STATES MAGISTRATE JUDGE